UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CENTER FOR PHLEBOTOMY EDUCATION INC., a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>DALLAS RASMUSSEN, an individual; OMPS, INC., a Utah corporation; OQUIRRH MOUNTAIN PHLEBOTOMY SCHOOL LLC- MURRAY fka OQUIRRH MOUNTAIN PHLEBOTOMY SCHOOL LLC, a Utah limited liability company; OQUIRRH MOUNTAIN PHLEBOTOMY SCHOOL LLC, a Colorado limited liability company; and OQUIRRH MOUNTAIN PHLEBOTOMY SCHOOL LLC, an Oregon limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [39] PLAINTIFF'S MOTION TO STRIKE**<br><br>Case No. 2:25-cv-00052<br><br>District Judge David Barlow |

Before the Court is Plaintiff Center for Phlebotomy Education, Inc.'s ("The Center") Motion to Strike Defendants' Second, Third, and Fourth Affirmative Defenses (the "Motion")[1] in their Answer.[2]

## BACKGROUND

Plaintiff provides educational training and resources relating to the practice of phlebotomy.[3] Among other resources, The Center sells DVDs of its "Applied Phlebotomy" video

---

[1] Motion to Strike Defendants' Second, Third, and Fourth Affirmative Defenses ("Mot. to Strike"), ECF No. 39, filed Oct. 9, 2025.
[2] Amended Answer, ECF No. 35, filed Sep. 30, 2025.
[3] Second Amended Compl. ¶¶ 24–26, ECF No. 30, filed Aug. 12, 2025.

1

training series.[4] The Center owns registered copyrights in this series.[5] Defendant Rasmussen founded and operates a series of Oquirrh Mountain Phlebotomy School entities across several states.[6] These schools provide phlebotomy training.[7] The Center alleges that Defendant Rasmussen and the Oquirrh Mountain Phlebotomy School defendants have infringed on its copyright by making, performing, and distributing unlawful copies of the "Applied Phlebotomy" videos.[8]

In their answer, Defendants assert sixteen affirmative defenses.[9] Plaintiff has moved to strike the second, third, and fourth of these defenses under Rule 12(f) of the Federal Rules of Civil Procedure.[10] The second affirmative defense is based on the first sale doctrine.[11] It states:

> SECOND DEFENSE
> (First Sale Doctrine)
> Plaintiff's claims are barred in whole or in part, including some or all of the purported infringements alleged by Plaintiff, under the first sale doctrine, at least because Defendant(s) lawfully purchased copies of the asserted works and/or based on the rights purchased by Defendant(s) along with the purchase of the DVD series.[12]

The third affirmative defense is based on copyright misuse:

> THIRD DEFENSE
> (Copyright Misuse)
> Plaintiff's claims are barred in whole or in part under the doctrine of copyright misuse, because on information and belief, Plaintiff has, among other things, engaged in abusive enforcement and licensing tactics and improperly sought to stop lawful use of the copyrighted works by prior purchasers and/or licensees.[13]

---

[4] *Id.*
[5] *Id.* ¶ 26.
[6] *Id.* ¶ 4.
[7] *Id.* ¶ 5.
[8] *See id.* ¶¶ 67–68.
[9] Amended Answer 17–22.
[10] Mot. to Strike 1–2.
[11] Amended Answer 17.
[12] *Id.*
[13] *Id.*

The fourth affirmative defense is based on various other equitable doctrines:

> FOURTH DEFENSE
> (Equitable Doctrines)
> On information and belief, Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of unclean hands, acquiescence, waiver or implied waiver, ratification, estoppel, and or promissory estoppel, based at least, among other things, on conduct and communications by Plaintiff and its agents during calls with Defendant(s), marketing and representations by Plaintiff regarding the asserted works including on Plaintiff's website, and otherwise because of the bad faith of Plaintiff or persons whose acts or omissions can be imputed to Plaintiff.[14]

## STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[15] Generally, "motions to strike are disfavored and striking a defense is a drastic remedy."[16] The Tenth Circuit has warned that courts "should proceed with extreme caution in striking a pleading."[17] Therefore, "any doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading."[18]

## DISCUSSION

Rule 8(c) requires a party "responding to a pleading" to "affirmatively state any avoidance or affirmative defense."[19] Across the nation, district courts are split on whether an affirmative defense stated under Rule 8(c) must meet the pleading standards established for

---

[14] *Id.* at 18.
[15] Fed. R. Civ. P. 12(f).
[16] *Townsend v. Synchrony Bank*, No. 2:24-CV-00625, 2025 WL 1433911, at *1 (D. Utah May 19, 2025) (quoting *Tiscareno v. Frasier,* No. 2:07-CV-336, 2012 WL 1377886, at *13 (D. Utah Apr. 19, 2012)).
[17] *Cottonwood Acres, LLC v. First Am. Title Ins. Co*., No. 2:22-CV-00680-TC-DBP, 2025 WL 276320, at *5 (D. Utah Jan. 23, 2025) (quoting *Colorado Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932)).
[18] *MRSI Int'l, Inc. v. Bluespan, Inc*., No. 2:05CV00896 DAK, 2006 WL 2711791, at *1 (D. Utah Sept. 21, 2006) (quoting *Gilbreath v. Phillips Petroleum Co*., 526 F. Supp. 657, 658 (W.D.Okla.1980)) (cleaned up).
[19] Fed. R. Civ. P. 8.

claims in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) or some lower standard.[20] The Supreme Court and Tenth Circuit have not directly addressed the issue. But the Tenth Circuit has stated that affirmative defenses are governed by "liberal pleading rules" and that "Rule 8(c)'s ultimate purpose is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial."[21]

Based in part on this rationale, this court has consistently found that "[a]ffirmative defenses not listed in Rule 9(b) are subject to a lesser pleading standard than required for pleading an affirmative claim in a complaint."[22] Other district courts in the Tenth Circuit have reached the same conclusion.[23] Therefore, "a party need only provide 'a short and plain statement of each affirmative defense intended to be brought at trial.'"[24]

### I. Second Affirmative Defense: First Sale Doctrine

Defendants' second affirmative defense is based on the first sale doctrine.[25] The first sale doctrine is codified at 17 U.S.C. § 109(a), which states that "the owner of a particular copy or

---

[20] *See Tyco Fire Prods. LP v. Victaulic Co.,* 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011) ("Whether Twombly's 'plausibility' standard applies to affirmative defenses, however, is far from settled."); *see also Tiscareno*, 2012 WL 1377886, at *14 (Noting that "[n]either *Twombly* nor *Iqbal* . . . address whether the same standard for pleading a complaint applies to pleading affirmative defenses in an answer" and analyzing which standard applies).

[21] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (quoting *Hassan v. U.S. Postal Service,* 842 F.2d 260, 263 (11th Cir.1988)).

[22] *Macbean v. Farmers New World Life Ins. Co*., No. 2:17-CV-00131-DN, 2018 WL 2943257, at *6 (D. Utah June 12, 2018); *see also Sexton v. Evergreen Vill. Cmty. MHC, LLC*, No. 2:19-CV-00675-CW-JCB, 2020 WL 7038501, at *1 (D. Utah July 20, 2020) ("[T]he defendant is not required to plead sufficient facts in the answer to state a plausible defense."); *Tiscareno*, 2012 WL 1377886, at *16 (explaining that affirmative defenses are subject to a liberal "notice pleading" standard).

[23] *See, e.g., Artisan & Truckers Cas. Co. v. Am. Contracting Servs., Inc*., No. 120CV001576DDDSTV, 2020 WL 13627369, at *2 (D. Colo. Dec. 2, 2020) ("[T]here is no requirement in Rule 8(c) to 'show any facts at all' when pleading an affirmative defense."); *Sartori v. Steider & Assocs., P.C.*, No. 1:15-CV-00991-JCH-LF, 2017 WL 3602029, at *1 (D.N.M. Jan. 19, 2017), report and recommendation adopted, No. 1:15-CV-00991-JCH-LF, 2017 WL 4542882 (D.N.M. Feb. 8, 2017) ("This District does not require factual specificity in affirmative defenses, and has declined to extend the heightened pleading standard of [*Twombly*] and [*Iqbal*] to affirmative defenses.").

[24] *Townsend v. Synchrony Bank*, No. 2:24-CV-00625, 2025 WL 1433911, at *1 (D. Utah May 19, 2025) (quoting *Tiscareno*, 2012 WL 1377886, at *16).

[25] Amended Answer 17.

phonorecord lawfully made" of a copyrighted item "is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord."[26] In other words, "when a copyright owner sells a lawfully made copy of its work, it loses the power to restrict the purchaser's right to sell or otherwise dispose of that copy."[27] But the plain language of § 109(a) "limits only the exclusive right to distribute."[28] The purchaser of an authorized copy is still not permitted to reproduce it in other copies.[29]

Plaintiff argues that the second affirmative defense should be struck because The Center's claims are only focused on Defendants' creation and distribution of *unauthorized* copies that are not subject to the first sale doctrine.[30] Therefore, the second affirmative defense is insufficient and immaterial to the issues in the case. Defendants respond that "Plaintiff's Second Amended Complaint continues to allege unauthorized display/performance of Plaintiff's DVDs without requiring the display from unauthorized copies."[31] They contend that they are entitled to assert the first sale doctrine so long as the Complaint continues to allege applicable violations.[32]

An affirmative defense is only considered insufficient "if it cannot succeed, as a matter of law, under any circumstances."[33] Here, the first sale defense plainly applies only to particular, lawfully made copies of a copyrighted work, not unlawful reproductions. Defendants' focus on

---

[26] 17 U.S.C. § 109(a).
[27] *Impression Prods., Inc. v. Lexmark Int'l, Inc.,* 581 U.S. 360, 363 (2017) (cleaned up).
[28] *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785, 794 (5th Cir. 2017).
[29] 17 U.S.C. § 106(1); *Clean Flicks of Colorado, LLC v. Soderbergh*, 433 F. Supp. 2d 1236, 1242 (D. Colo. 2006) ("That [first sale] doctrine protects the purchaser in any use of the authorized copy acquired but does not permit the making of additional copies.").
[30] Mot. to Strike 4.
[31] Opposition to Plaintiff's Motion to Strike ("Opp'n") 3, ECF No. 46, filed Nov. 24, 2025.
[32] *Id.* at 4.
[33] *Tiscareno*, 2012 WL 1377886, at *16 (quoting *Wilhelm v. TLC Lawn Care, Inc*., No. 07–2465–KHV, 2008 WL 474265 (D. Kan. Feb. 19, 2008) (unpublished)).

allegations in the Complaint of "unauthorized display/performance" is also misplaced.[34] Section 109(a) says nothing about an owner's right to perform their particular copy of a work.[35] Rather, the first sale doctrine, as its name suggests, protects an owner's right to sell their particular, lawfully made copy of a copyrighted work.[36]

Plaintiff's arguments and its Second Amended Complaint strongly suggest that the Center's claims for copyright infringement are focused solely on the creation, use, and distribution of unauthorized copies that are not subject to the first sale doctrine. However, some language in the Second Amended Complaint creates ambiguity. For example, Plaintiff's first cause of action for copyright infringement alleges that Defendants "made unauthorized reproductions of The Center's Applied Phlebotomy video series, have distributed copies of The Center's Applied Phlebotomy video series without The Center's authorization, and have publicly performed The Center's Applied Phlebotomy video series without The Center's authorization."[37] This conduct is alleged to have violated, among other things, The Center's "exclusive right to . . . distribute copies of the video series."[38]

Though the broader context of the Second Amended Complaint suggests that Plaintiff's claims are focused on unauthorized copies, the specific language quoted above alleges unauthorized distribution of copyrighted material without limiting the claim to unlawful copies. Similar language exists in Plaintiff's other causes of action as well.[39] Because the plain language of the Second Amended Complaint could be construed as making claims for unlawful

---

[34] Opp'n 3.
[35] 17 U.S.C. § 109(a).
[36] *Id.*
[37] Second Amended Compl. ¶ 67.
[38] *Id.* ¶ 68.
[39] *See id.* ¶¶ 77, 94, 113.

distribution of both authorized and unauthorized copies, there is some doubt as to whether the first sale doctrine applies. This doubt must be resolved in Defendants' favor,[40] so the second affirmative defense is not stricken.

## II.     Third Affirmative Defense: Copyright Misuse

Defendants' third affirmative defense is based on copyright misuse.[41] Plaintiff argues that this defense should be struck because "it is unclear whether copyright misuse is even a valid affirmative defense."[42] Even if it is, Plaintiff contends that Defendants have not alleged facts suggesting any misuse, making the defense insufficient.[43] Defendants respond that district courts in the Tenth Circuit have applied this defense.[44] They then provide examples of behavior that they argue shows how Plaintiff has misused its copyright.[45]

As this court has previously noted, "[n]either the Tenth Circuit nor the Supreme Court has approved of the defense" of copyright misuse.[46] However, other courts have done so. For example, the Fourth, Fifth, and Ninth Circuit Courts of Appeals have recognized copyright misuse as an affirmative defense.[47] Some district courts in the Tenth Circuit have likewise permitted defendants to assert copyright misuse as a defense and have analyzed the defense on

---

[40] *MRSI Int'l, Inc. v. Bluespan, Inc*., No. 2:05CV00896 DAK, 2006 WL 2711791, at *1 (D. Utah Sept. 21, 2006).
[41] Amended Answer 17.
[42] Mot. to Strike 3–4.
[43] *Id.* at 4.
[44] Opp'n 5.
[45] *Id.* at
[46] *Great Bowery v. Best Little Sites*, No. 2:21-CV-00567-DBB-JCB, 2024 WL 3416038, at *19 n.241 (D. Utah July 15, 2024).
[47] *See Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 973 (4th Cir. 1990) ("We are persuaded, however, that a misuse of copyright defense is inherent in the law of copyright."); *Alcatel USA, Inc. v. DGI Techs., Inc.,* 166 F.3d 772, 792 (5th Cir. 1999) ("The copyright misuse defense is analogous to the patent misuse defense . . . We recognized the copyright misuse defense in *DSC I*."); *Apple Inc. v. Psystar Corp*., 658 F.3d 1150, 1157 (9th Cir. 2011) ("[O]ur court recognized the existence of a copyright misuse doctrine.").

7

its merits.[48] Though the Tenth Circuit has not officially recognized copyright misuse, it has also not held that this defense is impermissible. Given the acceptance of copyright misuse as an affirmative defense in some other circuits and its use in some district courts in the Tenth Circuit, the court cannot say at this time that it fails "as a matter of law, under any circumstances."[49]

Plaintiff argues that the third affirmative defense should be struck regardless because Defendants have not alleged any facts suggesting misuse.[50] But such facts are not necessary to plead an affirmative defense. As was already discussed, a defendant need only provide a "short and plain statement of each affirmative defense" sufficient to give the other party notice that the issue may arise at trial.[51] "In other words, the defendant is not required to plead sufficient facts in the answer to state a plausible defense."[52] This does not mean that an affirmative defense can persist without factual evidence at a later stage of litigation, like summary judgment.[53] However, on a motion to strike an affirmative defense, Defendants' assertion of copyright misuse is sufficient to provide Plaintiff with notice.

### III.     Fourth Affirmative Defense: Equitable Doctrines

---

[48] *See, e.g.*, *StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc*., No. 2:14-CV-76-DAK, 2016 WL 3435189, at *7 (D. Utah June 17, 2016) (allowing amendment of an answer to add copyright misuse as an affirmative defense); *Malibu Media, LLC v. Cuddy*, No. 13-CV-02385-WYD-MEH, 2015 WL 1280783, at *9 (D. Colo. Mar. 18, 2015) (declining to strike copyright misuse as an affirmative defense); *Energy Intel. Grp., Inc. v. CHS McPherson Refinery, Inc.*, 300 F. Supp. 3d 1356, 1372 (D. Kan. 2018) (analyzing a copyright misuse defense on its merits).
[49] *See Tiscareno*, 2012 WL 1377886, at *16.
[50] Mot. to Strike 5.
[51] *Townsend v. Synchrony Bank*, No. 2:24-CV-00625, 2025 WL 1433911, at *1 (D. Utah May 19, 2025).
[52] *Sexton v. Evergreen Vill. Cmty. MHC, LLC*, No. 2:19-CV-00675-CW-JCB, 2020 WL 7038501, at *1 (D. Utah July 20, 2020).
[53] *See Great Bowery v. Best Little Sites,* No. 2:21-CV-00567-DBB-JCB, 2024 WL 3416038, at *19 (D. Utah July 15, 2024) (Noting that a copyright misuse defense requires proof of public policy violations to succeed on summary judgment).

Defendants' fourth affirmative defense is based on a variety of equitable doctrines, including "unclean hands, acquiescence, waiver or implied waiver, ratification, estoppel, and [] promissory estoppel."[54] Plaintiff argues that the fourth defense does not provide fair notice because it "fail[s] to allege specific facts" support the application of the various equitable doctrines.[55] Plaintiff further contends that "[a] mere list of defenses—with no facts—fails to allege anything that would provide [The Center] with fair notice of [Defendants'] defenses."[56]

Again, the pleading standard for affirmative defenses is less stringent than that for complaints.[57] Unlike a complaint, an affirmative defense need not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[58] It must only give the other party notice of what Defendants may seek to raise at trial.[59]

Here, Plaintiff relies on a case from the Southern District of California in which the court struck an unclean hands defense on a Rule 12(f) motion because it provided no factual basis for the defense.[60] But district courts in the Tenth Circuit generally have reached the opposite result when faced with nearly identical facts. For example, in *A1 Garage Door Serv., L.L.C. v. West*, the court declined to strike an unclean hands defense as insufficient even when it only stated that the complaint "is barred by the doctrine of unclean hands" without any factual support.[61] The court held that this single statement was sufficiently pled in short and plain terms under Rule 8.[62]

---

[54] Amended Answer 18.
[55] Mot. to Strike 5.
[56] Reply in Support of Motion to Strike ("Reply") 7, ECF No. 47, filed Dec. 8, 2025.
[57] *Sexton*, 2020 WL 7038501, at *1.
[58] *Id.* (quoting *Emps'. Ret. Sys. of R.I. v. Williams Cos., Inc*., 889 F.3d 1153, 1161 (10th Cir. 2018)).
[59] *See Tiscareno*, 2012 WL 1377886, at *16.
[60] *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 572 (S.D. Cal. 2012).
[61] *A1 Garage Door Serv., L.L.C. v. West*, No. 21-CV-01821-PAB-NRN, 2022 WL 952874, at *4 (D. Colo. Mar. 30, 2022).
[62] *Id.*

Similarly, the court in *Strobel v. Rusch* declined to strike a variety of defenses, including unclean hands, that were not factually supported in the answer because such "factual specificity" is not required.[63]

An answer gives the opposing party fair notice of affirmative defenses by identifying the affirmative defenses that may be raised.[64] In this case, the fourth affirmative defense provides notice of several equitable defenses as well as the categories of Plaintiff's conduct that allegedly implicate the defenses.[65] This statement of the affirmative defenses is sufficient to provide The Center with notice under Rule 8(c). Additional specific facts in support of these defenses are unnecessary under the liberal pleading standard for affirmative defenses. Of course, the mere fact that the defenses are pled does not necessarily mean that they will be permitted to be presented to a jury.

**ORDER**

Plaintiff's [39] Motion to Strike is DENIED.

---

[63] *Strobel v. Rusch*, 431 F. Supp. 3d 1315, 1333–34 (D.N.M. 2020).
[64] *See Equal Emp. Opportunity Comm'n v. Midwest Farms, LLC*, No. 23-CV-02531-PAB-MDB, 2025 WL 843713, at *6 (D. Colo. Mar. 18, 2025) (holding that a defense of third-party harm gave sufficient notice even without identifying the third party that allegedly caused the harm).
[65] Amended Answer 18.

10

Signed January 21, 2026.

BY THE COURT

_____

David Barlow
United States District Judge