THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CENTER FOR PHLEBOTOMY EDUCATION INC., a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>DALLAS RASMUSSEN, an individual; OMPS, INC., a Utah corporation; OQUIRRH MOUNTAIN PHLEBOTOMY SCHOOL LLC – MURRAY fka OQUIRRH MOUNTAIN PHLEBOTOMY SCHOOL LLC, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-00052-DBB-DBP<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Dustin B. Pead |

Defendants move the court for a three-month temporary protective order/continuance continuing the deposition of Dallas Rasmussen "due to acute health problems."[1] As set forth herein, the court will grant a thirty-day continuance but not the 3-month requested delay.

Defendants provide that Dallas Rasmussen is the principal of other named Defendants and would be the designated Rule 30(b)(6) witness for each of those entities. Plaintiff seeks a 30(b)(6) deposition for the entities and Defendants expressly agreed to the deposition dates. However, Rasmussen asserts he is dealing with "multiple chronic health conditions resulting from uncontrolled diabetes."[2] Rasmussen's health care professional recommends a three-month delay to focus on "intensive medical management of his diabetes and overall health."[3] In support

---

[1] Defendant's Motion for Limited Temporary Protective Order/Continuing Postponing Deposition Testimony Requiring Testimony from Dallas Rasmussen Due to Chronic Health Problems. ECF No. 49.

[2] Motion at 2.

[3] *Id.*

Defendants provide a letter from Rasmussen's health care professional, Katie Tayon, APRN, FNP-C.

Plaintiff opposes a three-month delay but is agreeable to reasonable accommodations such as frequent breaks and/or medical monitoring. Plaintiff also points to alleged flaws in Rasmussen's health care professional's letter—there is nothing about when Rasmussen was examined, how long he has been treated, whether he could control his diabetes sufficiently to sit for a deposition, or whether Rasmussen will be able to testify in three months. Finally, Plaintiff argues the timing of Rasmussen's request is suspect. Defendants' motion was filed on the day before Rasmussen's deposition two weeks after he attended four depositions in a row. According to Plaintiff, those depositions did not go well for Rasmussen and that is the real reason for the requested delay.

The court agrees with Plaintiff that the timing of Defendants' Motion is questionable. Further, the health care letter submitted by Defendants does not warrant a three-month delay. Accordingly, the court GRANTS IN PART Defendants' Motion. Rasmussen is given a thirty-day delay to focus on his health. The parties are ORDERED to schedule a new date for the deposition within thirty-five days from the date of this order. Any changes needed in scheduling to accommodate the deposition are also extended by this same time frame.

IT IS SO ORDERED.

DATED this 15 June 2026.

_____
Dustin B. Pead
United States Magistrate Judge

2